# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

KEVIN T. HARRISON, JR., ))))))))))))

      Plaintiff,

v.                                         No. 1:23-CV-47-SEP

MICHAEL C. HAKALA, et al.,

      Defendants.

## DEFENDANTS DR. MICHAEL HAKALA AND JACQUELYN MEREDITH, LPN'S REPLY TO PLAINTIFF'S RESPONSE TO THEIR MOTION TO DISMISS (DOC. 23)

COME NOW Defendants Dr. Michael Hakala and Jacqueline Meredith, LPN ("Defendants"), by and through undersigned counsel, and hereby submit their Reply to Plaintiff's Response to their Motion to Dismiss. (Doc. 23).

In their Motion to Dismiss, Defendants showed that Plaintiff's claims against them were barred by the applicable five-year statute of limitations. (*See* Doc. 20 at 4-5). In his Response, Plaintiff argues that his claims are not time-barred because he has an ongoing injury. (Doc. 23 at 1, 3). He contends that accrual of his claims did not occur until January 24, 2019, the date of surgery, which is within the statute of limitations (*Id.* at 3).

It is undisputed that the applicable statute of limitations in this case is five years. *See* Mo. Rev. Stat. § 516.120 (2003); *Kitchen v. Miller*, 343 F. Supp.2d 820, 822 (E.D. Mo. 2004). What is disputed, however, is when Plaintiff's claims accrued. Under federal law, "accrual occurs when the plaintiff has a complete and present cause of action." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (cleaned up) (quoting *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)).

Particularly significant in this case is the Supreme Court's explanation that, "[u]nder the traditional rule of accrual ... the tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages. *The cause of action accrues even though the full extent of the injury is not then known or predictable*." *Id.* at 391 (emphasis added) (quotations omitted); *see also Rassier v. Sanner*, 996 F.3d 832, 837-38 (8th Cir. 2021) (holding that the statute of limitations begins to run once the alleged tortious act results in damages, not when the plaintiff believes that he has sufficient evidence to obtain relief). "In other words, accrual occurs when 'the plaintiff can file suit and obtain relief.'" *Rassier*, 996 F.3d at 836; *see also Wallace*, 549 U.S. at 388. "Were it otherwise, the statute would begin to run only after a plaintiff became satisfied that he had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief." *Wallace*, 549 U.S. at 391.

Plaintiff's argument that his claims did not accrue until he had surgery on January 24, 2019 is incorrect. Plaintiff did not have to know the full extent of his injury to have been able to file suit and obtain relief. *See id.* at 388. Plaintiff acknowledges in his Response that, "[e]ven if Dr. Hakala initially saw no reason to perform a biopsy on the first visit in 2011, by the next visit in 2013, the tumor had grown considerably in size." (Doc. 23 at 1). Plaintiff's claim accrued by November 12, 2013 because at that time he had a "complete and present cause of action" due to Dr. Hakala not performing a biopsy despite the mass growing considerably in size and Plaintiff's repeated expressed concern of cancer. *See Wallace*, 549 U.S. at 388. Plaintiff's claims accrued by November 12, 2013 "even though the full extent of the injury [was] not then known or predictable." *See id.* at 391.

Plaintiff's argument of an ongoing injury cannot be attributed to Dr. Hakala because Plaintiff does not allege that Dr. Hakala ever saw him again or had any other involvement with his

care after November 12, 2013. As there is no *respondeat superior* liability under § 1983, any deliberate indifference that may have been committed by other providers cannot be vicariously attributed to Dr. Hakala to extend the statute of limitations as to him. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Because Plaintiff had a complete and present cause of action against Dr. Hakala on November 12, 2013 and no action can be attributed to Dr. Hakala after that date, Plaintiff's claims against him are barred by the statute of limitations.

In his Response, Plaintiff repeats that LPN Meredith refused to see him four times in August 2016, which delayed treatment. (Doc. 23 at 1). As explained above, these claims did not accrue when Plaintiff had surgery in 2019, but when Plaintiff had a "a complete and present cause of action" due to the alleged falsification of the record to indicate he refused the visits. *See Wallace*, 549 U.S. at 388. Plaintiff knew in August 2016 that he had not refused the visits and that the noted refusals must therefore be false. Any damages occurred when the visits were not completed because he was denied the opportunity to receive medical care at that time. And as with Dr. Hakala, any deliberate indifference that may have been committed by other providers cannot be vicariously attributed to LPN Meredith to extend the statute of limitations as to her. *See Iqbal*, 556 U.S. at 676. Plaintiff's claims against LPN Meredith are also time-barred.

For the reasons set forth in their Motion to Dismiss and herein, Plaintiff's Complaint should be dismissed as barred by Missouri's five-year statute of limitations for personal injury actions applicable to § 1983 actions.

Respectfully submitted,

*/s/ J. Thaddeus Eckenrode*
J. Thaddeus Eckenrode Mo. Bar #31080
ECKENRODE-MAUPIN, Attorneys at Law
11477 Olde Cabin Rd., Ste. 110
St. Louis, MO 63141
(314) 726-6670 (Telephone)
(314) 726-2106 (Fax)
jte@eckenrode-law.com
*Attorney for Defendants Dr. Michael Hakala and Jacqueline Meredith, LPN*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was served via first class U.S. Mail, postage prepaid on this 13th day of March 2024 to the following:

Kevin T. Harrison, Jr., #1120324
Jefferson City Correctional Center
8200 No More Victims Road
Jefferson City, MO 65101
*Pro se Plaintiff*

_____*/s/ Haley Henke*_____