UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| KEVIN T. HARRISON, JR., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 1:23-cv-00047-SEP |
| ) | |
| MICHAEL C. HAKALA, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court is Defendants' Motion to Dismiss, Doc. [19]. For the reasons set forth below, the motion is denied.

### FACTS AND BACKGROUND[1]

Plaintiff filed the Complaint under 42 U.S.C. § 1983 against Dr. Michael C. Hakala, Nurse Jacquelyn M. Merideth, and three other nurses in their official and individual capacities. Doc. [1]. At all times relevant to this action, Defendants were employees of Corizon Health, Inc., and Plaintiff was incarcerated at the Southeast Correctional Center (SECC).

On July 5, 2011, Plaintiff saw Dr. Hakala for lumps on the left side of his chest because he was concerned that he had cancer. *Id*. at 12. Dr. Hakala diagnosed the lumps as a benign lipoma without ordering a biopsy. *Id*. On November 12, 2013, Plaintiff again expressed his concerns to Dr. Hakala because the lumps had grown, but the doctor again assessed the lumps as benign without a biopsy. *Id*. at 14. Plaintiff also claims that on four occasions in August of 2016, Nurse Merideth intentionally failed to see Plaintiff for a nurse sick call regarding the lumps on his chest. *Id*. at 15. And Plaintiff appears to allege that Nurse Merideth falsely indicated on paperwork that he refused to be seen by medical. *Id*.

On November 14, 2018, approximately seven years after his first visit with Dr. Hakala, Plaintiff was examined by a non-party doctor, who ordered a biopsy. *Id*. at 16. The results revealed a malignant form of skin cancer, dermatofibrosarcoma protuberans (DFSP). *Id*. The mass was removed on January 24, 2019, and Plaintiff was prescribed pain medication. *Id*.

---

[1] For purposes of the motion to dismiss, the Court takes the factual allegations in the Complaint to be true. *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

Plaintiff contends that Defendants' deliberate indifference to his health concerns caused him unnecessary pain and cancer growth, a more invasive surgery, permanent damage to his nerves, and a scar on his chest. *Id*. at 17. Plaintiff describes his injuries as severe pain, tightness, numbness, and tingling sensations throughout his left side. *Id*. According to Plaintiff, they could have been avoided if action had been taken sooner. *Id*.

Plaintiff filed suit on April 3, 2023. Doc. [1]. On August 21, 2023, the Court reviewed the Complaint as required by 28 U.S.C. § 1915. *See* Doc. [5]. The Court dismissed all of the official capacity claims and the individual capacity claims against three of the Defendants. The individual capacity claims against Dr. Hakala and Nurse Merideth survived. After they were served, Defendants moved to dismiss the claims as barred by the statute of limitations. *See* Docs. [19], [20]. After briefing of the motion was complete, Plaintiff filed a sur-reply without the Court's leave, Doc. [26], and Defendants moved to strike the sur-reply.[2] Doc. [27].

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The notice pleading standard of Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to give "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Determining if well-pled factual allegations state a "plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. A plaintiff's allegations must allow "the court to draw the

---

[2] Rule 12(f) of the Federal Rules of Civil Procedure permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Rule 12(f) motions only may be directed towards pleadings as defined by Rule 7(a); thus motions, affidavits, briefs, and other documents outside of the pleadings are not subject to Rule 12(f)." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380 (3d ed.). Plaintiff's sur-reply is not a pleading and cannot be struck under Rule 12. *See Coleman v. City of Pagedale*, 2008 WL 161897, at *4 (E.D. Mo. Jan. 15, 2008) ("Plaintiffs' Sur-Reply and Memorandum are not pleadings and may not be attacked in this manner."). Defendants' motion is denied, but the Court will not consider Plaintiff's sur-reply because it was filed without the Court's permission. *See* E.D. Mo. L.R. 4.01 ("Within ten (10) days after being served with a memorandum in opposition, the moving party may file a reply memorandum. Additional memoranda may be filed by either party only with leave of Court.").

reasonable inference that the defendant is liable for the misconduct alleged." *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).  The well-pled facts must establish more than a "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor of the plaintiff," *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010), and "grant all reasonable inferences in favor of the nonmoving party," *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73 (8th Cir. 2010) (citing *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 591 (8th Cir. 2009)).  But if a claim fails to allege one of the elements necessary to recovery on a legal theory, the Court must dismiss that claim for failure to state a claim upon which relief can be granted.  *See Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011).  "As a general rule, 'the possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense.'" *Joyce v. Armstrong Teasdale, LLP*, 635 F.3d 364, 367 (8th Cir. 2011) (quoting *Jessie v. Potter*, 516 F.3d 709, 713 n. 2 (8th Cir. 2008)).

## DISCUSSION

In § 1983 suits, a federal court "looks to the law of the State in which the cause of action arose" for the statute of limitations.  *Wallace v. Kato*, 549 U.S. 384, 387 (2007).  In Missouri, the relevant limitations period for general personal injury torts is five years.  *See* Mo. Rev. Stat. § 516.120(4); *see also Milliman v. Howell Cnty.*, 2022 WL 5237993, at *1 (8th Cir. 2022) (per curiam); *Sulik v. Taney Cnty.*, 393 F.3d 765, 767 (8th Cir. 2005).  The "accrual date of a § 1983 cause of action," however, "is a question of federal law that is *not* resolved by reference to state law." *Wallace*, 549 U.S. at 388.  "Aspects of § 1983 which are not governed by reference to state law are governed by federal rules conforming in general to common-law tort principles." *Id*.  "Under those principles, it is 'the standard rule that accrual occurs when the plaintiff has "a complete and present cause of action,"' that is, when 'the plaintiff can file suit and obtain relief.'" *Id*. (quoting *Bay Area Laundry and Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)).

Plaintiff alleges that, on July 5, 2011, he saw Dr. Hakala for lumps on the left side of his chest.  At that time, Plaintiff was concerned he had breast cancer, but Dr. Hakala diagnosed the lumps as a benign lipoma without ordering a biopsy.  *See* Doc. [1] at 12.  On November 12, 2013, Plaintiff reiterated his concerns to Dr. Hakala after the lumps had "grown considerably,"

3

but Dr. Hakala again assessed the lumps as benign without a biopsy. *Id*. Plaintiff also alleges that on four occasions in August of 2016, Nurse Merideth failed to see him for a nurse sick call despite his complaints about lumps on his left chest. *Id*. at 13. And Plaintiff claims Nurse Merideth deceptively indicated in his medical paperwork that he refused to be seen. *Id*. It was not until November of 2018 that Plaintiff was examined by a non-party doctor who ordered a biopsy, and on December 6, 2018, the Plaintiff learned that he had skin cancer. *Id*. at 14. Plaintiff filed this case on April 3, 2023.

Defendants argue that any claims based on Defendants' "acts or omissions before April 3, 2018 are time-barred." Doc. [20] at 4. They insist that "Plaintiff's claim . . . accrued by November 12, 2013 because at that time he had a 'complete and present cause of action' due to Dr. Hakala not performing a biopsy despite the allegations of the mass growing considerably in size and Plaintiff's repeated expressed concern of cancer." *Id*. But Plaintiff did not have a "complete and present cause of action" and could not have "file[d] suit and obtained[ed] relief" against Dr. Hakala in 2013 or Nurse Merideth in 2016. *Wallace*, 549 U.S. at 388 (quoting *Bay Area Laundry*, 522 U.S. at 201). Although Plaintiff was afraid that his chest lumps were cancerous, Dr. Hakala diagnosed him with a benign lipoma. Plaintiff did not know that he had skin cancer until was he was officially diagnosed on December 6, 2018. Prior to that diagnosis, his "mere difference of opinion over matters of expert medical judgment or a course of medical treatment" would have "fail[ed] to rise to the level of a constitutional violation." *Meuir v. Greene Cnty. Jail Emps.*, 487 F.3d 1115, 1118-19 (8th Cir. 2007) (quoting *Taylor v. Bowers*, 966 F.2d 417, 421 (8th Cir. 1992)); *see also Barr v. Pearson*, 909 F.3d 919, 921 (8th Cir. 2018) ("[W]hile inmates have a right to adequate medical care, they have no 'right to receive a particular or requested course of treatment.' Indeed, 'doctors remain free to exercise their independent medical judgment.'") (citation omitted) (quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997)).

The same goes for Plaintiff's claim against Nurse Merideth. Plaintiff alleges that he repeatedly complained about his chest lumps, but she refused to see him and falsely recorded that he had refused care. Doc. [1] at 13. Plaintiff had not been diagnosed with cancer at that time. If he had filed this suit before that diagnosis, his alleged need for treatment would likely have been dismissed as insufficiently serious to state a claim under the Eighth Amendment. *East v. Buckner*, 2024 WL 1154449, at *2 (8th Cir. Mar. 18, 2024) (per curiam) ("An objectively serious

4

medical condition is 'one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'") (quoting *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)).

Other courts have held likewise in similar circumstances. *See, e.g.*, *Weeks v. Collier*, 2023 WL 7703823, at *3 (5th Cir. Nov. 15, 2023) (per curiam) ("The federal discovery rule clarifies the accrual date for a Section 1983 claim is when the plaintiff becomes aware of *both* the existence of an injury and its cause."); *Johnson v. Chudy*, 822 F. App'x 637, 638 (9th Cir. 2020) (memorandum opinion) (plaintiff's Eighth Amendment claim accrued when he "was diagnosed with prostate cancer in 2013" not when he "sought medical care and was aware that his symptoms were not treated"); *Lawson v. Okmulgee Cnty. Crim. Just. Auth.*, 726 F. App'x 685, 691 (10th Cir. 2018) ("Although the nature of the alleged violations is such that there is no single accrual date, we need not decide the exact dates because we conclude the estate's claims accrued at the latest when Mr. Perry learned he had cancer in June 2013."); *Devbrow v. Kalu*, 705 F.3d 765, 768 (7th Cir. 2013) ("A § 1983 claim to redress a medical injury arising from deliberate indifference to a prisoner's serious medical needs accrues when the plaintiff knows of his physical injury and its cause.").

Plaintiff's deliberate inference claim accrued when he was diagnosed with skin cancer on December 6, 2018. Because Plaintiff's claims were brought within the five-year statute of limitations period, Defendants' Motion to Dismiss on that basis is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, Doc. [19], is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion to Strike Plaintiff's Unauthorized Sur-Reply, Doc. [27], is **DENIED**.

**IT IS FINALLY ORDERED** that a Case Management Order will be entered separately.

Dated this 29th day of July, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

.