UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| KEVIN T. HARRISON, JR., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 1:23-cv-00047-SEP |
| ) | |
| MICHAEL C. HAKALA, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is pro se Plaintiff Kevin T. Harrison, Jr.'s motion for an extension of time to submit Rule 26 disclosures and for the appointment of counsel. *See* Doc. [34]. The Court grants the motion in part and denies the motion in part as further discussed below.

The Court will extend the deadline to submit Plaintiff's Rule 26 disclosures. Plaintiff requests "about 2 weeks." The Case Management Order currently requires the parties to make certain disclosures by no later than Friday, August 23, 2024. *See* Doc. [33] at 1. The Court will grant Plaintiff's request to extend that deadline. Plaintiff's disclosures must be submitted to Defendants by no later than **September 11, 2024**. To be clear, ***Plaintiff is not to file discovery documents with the Court***, but should submit all items directly to Defendants, as stated in the Case Management Order.

Plaintiff also asks the Court to appoint him counsel. A self-represented litigant has "neither a constitutional nor a statutory right to appointed counsel in civil cases." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Id.* (citing *Johnson v. Williams,* 788 F.2d 1319, 1322 (8th Cir. 1986)). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the factual complexity of the issues, the litigant's ability to investigate the facts and present his claims, the existence of conflicting testimony, and the complexity of the legal arguments. *Id.* (citing *Phillips*, 437 F.3d at 794).

After considering the factors, the Court finds that the appointment of counsel is unwarranted at this time. Plaintiff has so far demonstrated that he can adequately present his

claims to the Court. Neither the factual nor the legal issues in this case appear to be unduly complex. The Court will therefore deny Plaintiff's motion for appointment of counsel but will entertain future motions for appointment of counsel as the case progresses.

**IT IS HEREBY ORDERED** that Plaintiff's motion for an extension of time to submit Rule 26 disclosures and for the appointment of counsel is **GRANTED** as to the extension of time and is **DENIED** as to the appointment of counsel. Doc. [34].

**IT IS FURTHER ORDERED** that Plaintiff's disclosures must be submitted to Defendants by no later than **September 11, 2024**.

Dated this 27th day of August, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE