UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| KEVIN T. HARRISON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-47-SEP |
| | ) | |
| MICHAEL C. HAKALA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS DR. MICHAEL HAKALA AND JACQUELINE MEREDITH, LPN'S, MEMORANDUM IN SUPPORT OF MOTION TO COMPEL, OR IN THE ALTERNATIVE, MOTION TO DISMISS**

COME NOW Defendants Dr. Michael Hakala and Jacqueline Meredith, LPN, by and through counsel and in support of their Motion to Compel, or in the Alternative, Motion to Dismiss, hereby submit the following Memorandum in Support:

**I.     BACKGROUND FACTS AND PROCEDURAL HISTORY**

Kevin T. Harrison, Jr. ("Plaintiff"), an inmate incarcerated at Jefferson City Correctional Center by the Missouri Department of Corrections ("MDOC"), initiated this action on April 3, 2023, by filing a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). Plaintiff alleges that Defendants Dr. Michael Hakala ("Dr. Hakala") and Jacqueline Meredith, LPN ("Ms. Meredith"), were deliberately indifferent to Plaintiff's concerns that he may have breast cancer. (*Id*. at 12). Plaintiff more specifically alleges that Dr. Hakala did not complete the tests that Plaintiff wanted on the lumps on his chest and allegedly "unreasonably" determined that the lumps were benign on July 5, 2011, and November 12, 2013. Plaintiff specifically alleges that Ms. Meredith intentionally ignored Plaintiff's request for a "sick call" on August 5, 10, 19, and 30,

2016, to look at the lumps on his chest and marked Plaintiff as having refused "sick call" each time.

On July 29, 2024, this Court entered its Scheduling Order directing all Parties to complete discovery on or before December 20, 2024, and all dispositive motions should be filed by February 7, 2025 (Doc. 33). On October 16, 2024, these Defendants sent Plaintiff initial discovery requests. Furthermore, on October 18, 2024, in order to try to expedite the collection of medical records, these Defendants sent Plaintiff a letter enclosing just the authorizations, explaining the need for signed authorizations as soon as possible to obtain Plaintiff's medical records. To date, these Defendants have not received <u>either</u> the signed authorizations or any of Plaintiff's discovery responses.

## II.     LAW AND ARGUMENT

> If the Plaintiff fails to prosecute or comply with these rules or a Court Order, a Defendant may move to dismiss the action or any claim against it. Unless the dismissal order says otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a Party under Rule 19—operates as an adjudication on the merits.

Fed.R.Civ.P. 41(b).

> A Party seeking discovery may move for an Order compelling an answer, designation, production, or inspection. This Motion may be made if: (i) a Deponent fails to answer a question asked under Rule 30 or 31; (ii) a corporation or other entity fails to make a designation under Ruel 30(b)(6) or 31(a)(4); (iii) a Party fails to answer an Interrogatory submitted under Rule 33; or (iv) a Party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34.

Fed.R.Civ.P. 37(a)(3)(B).

> If a Party or a Party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an Order to provide or permit discovery, including an Order under Rule 26(f), 35, or 37(a), the Court where the action is pending may issue further just Orders. They may include the following: (i) directing that the matters embraced in the Order or other designated facts be taken as established for purposes of the action, as the prevailing Party claims; (ii) prohibiting the disobedient Party from supporting or opposing designated claims or defenses, or from introducing designated matters in

evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the Order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient Party; or (vii) treating as contempt of Court the failure to obey any Order expect an Order to submit to a physical or mental examination.

Fed.R.Civ.P. 37(b)(2)(A).

The Court where the action is pending may, on Motion, Order Sanctions if: (i) a Party or a Party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)—fails, after being served with proper notice, to appear for that person's deposition; or (ii) a Party, after being properly served with Interrogatories under Rule 33 or a Request for Inspection under Rule 34, fails to serve its answers, objections, or written response.

Fed.R.Civ.P. 37 (d)(1)(A).

The current discovery deadline is December 20, 2024, and Motions for Summary Judgment must be filed by February 7, 2025. These Defendants will be prejudiced if they are unable to obtain Plaintiff's medical records, which Defendants expect to use extensively in support of anticipated dispositive motions. Per the Scheduling Order (Doc. 33), "Plaintiff must submit to the Defendants all documents that Plaintiff believes mention, relate to, or in any way support Plaintiff's claim." Plaintiff <u>disclosed</u> his medical records in his Initial Disclosures but <u>did not provide</u> these Defendants with copies of any such records or any documentation.

Plaintiff's failure to comply with a Court Order allows this Honorable Court to dismiss Plaintiff's action. Further, these Defendants have requested Plaintiff sign medical authorizations so these Defendants can obtain the relevant medical records and Plaintiff has not complied. These Defendants ask that this Court either dismiss this action as a consequence of Plaintiff's failure to comply with the Scheduling Court Order/failure to answer discovery, or in the alternative, these Defendants ask that the Court enter an Order compelling Plaintiff to sign the authorizations and enter an Amended Scheduling Order to allow these Defendants time to review the extensive medical records that take place over the course of 13 years.

### III. CONCLUSION

WHEREFORE, these Defendants request that this Honorable Court dismiss this lawsuit, or in the alternative, Order Plaintiff to provide signed authorizations; amend the Scheduling Order; and for such further relief as this Court deems just and necessary under the circumstances.

Respectfully Submitted,

*/s/ J. Thaddeus Eckenrode*_____
J. Thaddeus Eckenrode, Mo. Bar #31080
Elisa N. Leighton, Mo. Bar #72511
ECKENRODE-MAUPIN, Attorneys at Law
11477 Olde Cabin Road, Suite 110
St. Louis, MO 63141
(314) 726-6670 (Telephone)
(314) 726-2106 (Fax)
jte@eckenrode-law.com
enl@eckenrode-law.com
*Attorney for Defendants Dr. Michael Hakala and Jacqueline Meredith, LPN*

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that a true and accurate copy of the foregoing was served via first class U.S. Mail, postage prepaid on this 10th day of December, 2024 to the following:

Kevin T. Harrison, Jr., #1120324
Jefferson City Correctional Center
8200 No More Victims Road
Jefferson City, MO 65101
*Pro se Plaintiff*

                     */s/ Haley Henke*