# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| KEVIN T. HARRISON, JR., | ) |
| | ) |
|     Plaintiff, | ) |
| v. | ) Case No. 1:23-cv-00047-SEP |
| | ) |
| MICHAEL C. HAKALA, et al., | ) |
| | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is Defendants Michael C. Hakala and Jacqueline Meredith's Motion to Compel, or in the Alternative, Motion to Dismiss. Doc. [37]. For the reasons set forth below, the motion to compel is granted and the alternative motion to dismiss is denied.

### FACTS AND BACKGROUND

Plaintiff filed the Complaint pursuant to 42 U.S.C. § 1983 against Dr. Michael C. Hakala; Nurses Becky D. Lizenbee, Jacquelyn M. Merideth, and Dana Degen; and Nurse Practitioner Nina Hill. Doc. [1]. He alleges as follows.

On July 5, 2011, Plaintiff saw Dr. Hakala for lumps on the left side of his chest. Plaintiff was concerned he had cancer. *Id*. at 12. Dr. Hakala diagnosed the lumps as a benign lipoma without ordering a biopsy. *Id*. On November 12, 2013, Plaintiff again expressed his concerns to Dr. Hakala because the lumps had grown, but the doctor once again assessed the lumps as benign without a biopsy. *Id*. at 14. Plaintiff also alleges that Nurse Merideth intentionally failed to examine him regarding the lumps on his left chest. *Id*. at 15.

On November 14, 2018, approximately seven years after his first visit with Dr. Hakala, Plaintiff was examined by a non-party doctor who ordered a biopsy. *Id*. at 16. The results revealed a malignant form of skin cancer, dermatofibrosarcoma protuberans. *Id*. The mass was removed on January 24, 2019, and Plaintiff was prescribed pain medication. *Id*. Plaintiff contends that Defendants' deliberate indifference to his health concerns caused him unnecessary pain and cancer growth, a more invasive surgery, permanent damage to his nerves, and a scar on his chest. *Id*. at 17.

On August 21, 2023, the Court reviewed the Complaint as required by 28 U.S.C. § 1915 and dismissed all official capacity claims and the individual capacity claims against three of the Defendants. *See* Doc. [5]. Only the individual capacity claims against Dr. Hakala and Nurse Merideth survived.

On October 16, 2024, Defendants sent Plaintiff Interrogatories and Requests for Production of Documents. Doc. [37] at 1. On October 18, 2024, they sent Plaintiff a follow-up letter with medical authorizations that would allow Plaintiff's treating medical providers to release his medical records, which they asked Plaintiff to sign and return. *Id*. Defendants explained that because Plaintiff's medical records are the property of the DOC and under control of the prison medical contractor, Centurion, and Defendants no longer work for the DOC or Centurion, they may not access the records without Plaintiff's signed authorization. *Id*. at 2. On November 22, 2024, Defendants sent a letter to Plaintiff alerting him that they had not received the requested discovery materials. *Id*. at 1. Defendants, in their motion to compel, state that on December 10, 2024, the DOC notified them that Plaintiff was on suicide watch and unable to receive or send mail. *Id*. at 2. Defendants filed their motion to compel that same day, asking the Court to order Plaintiff to provide the signed medical authorizations and to respond to the Defendants' First Interrogatories and Request for Production of Documents. *Id*. at 3. They argue that they need the requested materials in order to prepare a motion for summary judgment, which, under the operative Case Management Order, is due on Friday, February 7, 2025. *Id*. In the alternative, they ask the Court to dismiss the case for noncompliance with discovery. Finally, Defendants ask the Court to amend the current deadlines to accommodate delays in the discovery process if the Court declines to dismiss the case.

## Legal Standard

Federal Rule of Civil Procedure 26(b)(1) sets the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(2)(C). Rule 26 "vests the district court with broad discretion in regulating discovery." *United States v. James B. Nutter & Co.*, 2021 WL 4227058, at *1 (W.D. Mo. Sept. 16, 2021) (citing Fed. R. Civ. P. 26 advisory committee's notes to 2015 amendment).

Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order to compel answers or production against another party when the other party does not adequately answer interrogatories under Rule 33 or produce documents under Rule 34.

### Discussion

The Court agrees with Defendants that the information sought, including the signed medical authorization forms, are relevant and necessary to Defendants' adequate preparation for summary judgment briefing and to prepare for trial.  For good cause shown, the Court grants the motion to compel, and Plaintiff must provide the discovery sought.[1]  In most cases, the Court would require the compelled party to respond within 10 days of the Court's order.  Here, it is unknown whether Plaintiff is still on suicide watch, and thus unable to send or receive documents.  In light of that, the Court will instead order Plaintiff to comply within 10 after his receipt of this Order.  All remaining deadlines in the currently operative Case Management Order, Doc. [33], are vacated to be reset by further order.  Defendants must, after receiving the discovery sought from Plaintiff, submit a motion to amend the Case Management Order with proposed dates for the remainder of the case.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Compel, Doc. [37], is **GRANTED** to the extent it seeks to compel Plaintiff's compliance and **DENIED** with respect to the alternative motion to dismiss.  Plaintiff must produce the requested materials as forth in this Order.

**IT IS FURTHER ORDERED** that all remaining deadlines in the currently operative Case Management Order, Doc. [33], are **VACATED** to be reset by further order of the Court.

Dated this 4th day of February, 2025.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

---

[1] The Court declines to sanction Plaintiff with dismissal of his action, as, based on Defendants' representations to the Court concerning Plaintiff's inability to send or receive mail, it does not appear that any non-compliance was willful.

3