**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| KEVIN T. HARRISON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-47-SEP |
| | ) | |
| MICHAEL C. HAKALA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS DR. MICHAEL HAKALA AND JACQUELINE MEREDITH,
LPN'S, BANKRUPTCY STATUS REPORT**

COME NOW Defendants Dr. Michael Hakala and Jacqueline Meredith, LPN,

and for their status report on the bankruptcy proceedings in response to the Court's

July 15, 2025, Order (Doc. 44), state as follows:

1.      At all times alleged against these Defendants in Plaintiff's Complaint

(Doc. 1), they were employees of Corizon Health Services ("Corizon").

2.      Corizon filed for Chapter 11 Bankruptcy in the United States

Bankruptcy Court of the Southern District of Texas, Houston Division, on February

13, 2023 (Cause No.: 23-90086(CML)), and civil lawsuits pending against Corizon

were stayed pursuant to the Bankruptcy Court's Order at that time.  In Plaintiff's

Complaint herein, he chose not to include Corizon as a Party but named these

Defendants and other Parties.

3.      Tehum Care Services, Inc., f/k/a Corizon Health, Inc., commenced a

Chapter 11 case in the United States Bankruptcy Court for the Southern District of

Texas.  By Order dated March 3, 2025 (Bankruptcy Doc. 2014), the Bankruptcy

Court confirmed the First Modified Joint Chapter 11 Plan of Reorganization of the Tort Claimants' Committee, Official Committee of Unsecured Creditors and Debtor ("Plan").  All capitalized terms herein have their meaning as defined in the Plan unless otherwise noted.  The Plan is now effective.

4.      These Defendants are now former employees of Debtor.  As the Plan explains, Debtor and its former employees are included as "Released Parties.[1]" Plan, Art. I, ¶ 175.

5.      Pursuant to the Bankruptcy Plan, a "PI/WD Trust" is to be established, from which all claims will be paid.

6.      Per the Bankruptcy Order (Exhibit 1), if the settling Parties fully fund the Plan, as provided in more detail therein, within thirty (30) months of the effective date, then the Plan provides that "Released Parties," such as Defendants Dr. Michael Hakala and Jacqueline Meredith, LPN, herein, will be released as to the claims at issue against them. If the Plan is not fully funded by the settling Parties within the timeline outlined therein, these Defendants will not be released, and Plaintiff here would be permitted to move forward with claims against them at that time.

7.      Per the injunctive relief set out in the Plan, the Bankruptcy Court precluded and enjoined "actions to interfere with the implementation and consummation of the Plan."  Plan, Art. IX.J.  The Bankruptcy Court also retained

---

[1] The Bankruptcy Court identified "Released Parties" to include Tehum Care Services, Inc., f/k/a Corizon Health, Inc. ("Debtor"); YesCare Corp.; CHS TX, Inc.; and current and former employees (Bankruptcy Doc. 2160).

"exclusive jurisdiction over all matters arising out of or related to the Chapter 11 Case and the Plan pursuant to Sections 105(a) and 1142 of the Bankruptcy Code." Plan, Art. XII.A.  The Bankruptcy Court's exclusive jurisdiction includes jurisdiction to "issue and enforce injunctions, enter and implement other orders, or take such other actions as may be necessary or appropriate to restrain interference by any Entity with Commencement, implementation, or enforcement of the Plan, including all settlements (including the Estate Party Settlement), Releases, Exculpations, and Injunctions provided for under the Plan."  See Plan, Art. XII.A.9.

8. It would directly conflict and interfere with the intended consummation of the Bankruptcy Plan to allow lawsuits against former Corizon employees to proceed when those causes of action will be fully released upon final payment under the Plan. Art. IV.B.7.; (Exhibit 2).

9. The Debtor in Bankruptcy (Corizon) filed an "Omnibus Motion to Enjoin" Plaintiffs from prosecuting cases against released Parties following the Court's approval of the Bankruptcy Plan. (Exhibit 3).

10. On August 7, 2025 (Exhibit 4), the Bankruptcy Court entered an Order enjoining claimants who had pending litigation against Debtor entities and personnel listed in Exhibit A of that Order.  However, to the claimants listed in Exhibit B of the Order, who did not receive direct notice of the Bankruptcy, the Court denied the injunction at that point.  <u>The Court did not, however, rule that those claimants were allowed to proceed with their underlying litigation</u>.

11.     Debtor contends that Plaintiff herein (and others listed in Exhibit B of the Bankruptcy Court's August 7, 2025, Order (Exhibit 4)) was provided constructive notice of these terms of the Bankruptcy and right to opt out.

12.     On August 21, 2025, the Debtor filed an Appeal on the Bankruptcy Court Order related to Claimants listed as "Exhibit B Claimants" (Exhibit 5).

13.     The intent of the Debtor and Committee of Tort Claimants is to release employees (also described as "Released Parties") as part of the Bankruptcy, but since some of those claimants allegedly did not receive proper notice (per the Bankruptcy Court), they are not yet included in the class of claimants who will share in the Bankruptcy proceeds.

14.     The issue in the Bankruptcy Appeal is a case-dispositive issue and unrelated to the underlying merits here.  The former employee Defendants herein should not be compelled to defend this action until there is finality as to the Release issue.  These Defendants are not currently aware of the status of the Bankruptcy Appeal.

15.     Any judgment against these Defendants is ultimately a judgment against Corizon.  While the Appeal of the Bankruptcy Order is pending, this matter should continue to be stayed as to these Defendants so as not to prejudice these Defendants, who will suffer immediate adverse economic impact if this case continues while the Bankruptcy is still pending.  See, *Swallow v. Corizon, LLC*, 2023 WL 2967785, *2 (E.D.Mo. 2023); *Hefley v. Redington*, 2023 WL 2592054, *2 (E.D.Mo. 2023).

16.     Continuation of this case would be a waste of the Court's time and prejudice Defendants Dr. Michael Hakala and Jacqueline Meredith, LPN, who will be financially harmed by having to defend a case that should otherwise be resolved in Bankruptcy, and any eventual judgment (if adverse to them) may be uncollectable and moot.

17.     In light of the current Bankruptcy Appeal to clarify the status of Claimants such as Plaintiff herein, a stay is warranted in this case until 1) the Debtor fully funds the Plan and Defendants are thereby released, 2) the Debtor fails within thirty (30) months to fund the Plan or 3) the Bankruptcy or Appellate Court enters an Order that would allow Plaintiff to proceed with the prosecution of his claims.

18.     Should Plaintiff contend that the Confirmation Order and Plan do not enjoin this case from proceeding, Plaintiff must litigate that dispute in the Bankruptcy Court.  Plan, Art. XII.A.  Accordingly, these Defendants respectfully request that this Court enter an Order staying this action until and unless the Bankruptcy Court issues an Order that permits it to continue.

WHEREFORE Defendants Dr. Michael Hakala and Jacqueline Meredith, LPN, pray that this Honorable Court continue to recognize the automatic stay as to Defendants Dr. Michael Hakala and Jacqueline Meredith, LPN, until the stay is lifted by the United States Bankruptcy Court and for further relief as this Court deems just and necessary under the circumstances.

Respectfully Submitted,

*/s/ J. Thaddeus Eckenrode*
J. Thaddeus Eckenrode, Mo. Bar #31080
Elisa N. Leighton, Mo. Bar #72511
ECKENRODE-BAUMAN, Attorneys at Law
11477 Olde Cabin Road, Suite 110
St. Louis, MO 63141
(314) 726-6670 (Telephone)
(314) 726-2106 (Fax)
jte@eckenrode-law.com
enl@eckenrode-law.com
*Attorney for Defendants Dr. Michael Hakala*
*and Jacqueline Meredith, LPN*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and accurate copy of the foregoing was served via first class U.S. Mail, postage prepaid on this 12th day of January, 2026, to the following:

Kevin T. Harrison, Jr., #1120324
Jefferson City Correctional Center
8200 No More Victims Road
Jefferson City, MO 65101
*Pro se Plaintiff*

*/s/ Faith Sneller*